IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| PASTOR MARTIN LINDSTEDT, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 21-05029-CV-SW-WBG ) |
| CITY OF GRANBY, MISSOURI, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

Pending are two motions filed by Plaintiffs Martin Lindstedt and the Church of Jesus Christ Christian/Aryan Nations of Missouri seeking leave to amend their proposed complaint pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. 4) and Rule 60 of the Federal Rules of Civil Procedure (Doc. 5). For the following reasons, the Court DENIES both motions.

### I. BACKGROUND

On June 30, 2021, the Court denied Plaintiffs' request for leave to proceed in forma pauperis with this matter. Doc. 3. As explained in the Order, Plaintiffs' proposed complaint failed to set forth factual allegations or assert facts supporting a cognizable claim against twenty-nine[1] of the more than forty Defendants. *Id*. at 2-4. The Court also found Plaintiffs were unable to bring claims against three state court judges, who are immune from suit when acting in their official capacities. *Id*. at 4-5. Further, if Plaintiffs were asking this Court to review the state court judges' decisions, this Court concluded it was unable to do so. *Id*. at 5. Regarding Plaintiffs' claims against the federal government, the State of Missouri, and former and current state officials, the

---

[1] In the proposed complaint, Plaintiffs identified "three or four other Granby Police Department Officers" as Defendants. The Court included three (not four) police officers in its total number of Defendants against whom Plaintiffs did not set forth any factual allegations or assert facts supporting a cognizable claim.

Court found such claims were barred by sovereign immunity. *Id*. at 5. Finally, the Court concluded Plaintiffs' proposed complaint did not allege sufficient facts to support claims against the City of Granby, Newton County, and city and county officials under 42 U.S.C. § 1983 or 42 U.S.C. § 1985. *Id.* at 6-9. On July 27 and July 28, 2021, Plaintiffs filed their motions for leave to amend their proposed complaint pursuant to Rules 59(e) and 60 of the Federal Rules of Civil Procedure. Docs. 4-5.[2]

## II.     DISCUSSION

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to file a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). Rule 60 allows the filing of a motion seeking relief from a final judgment, order, or proceeding for reasons such as mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, the judgment is void, satisfaction of the judgment, and "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

The Eighth Circuit has examined when a post-dismissal motion for leave to file an amended complaint should be granted. "[I]t is well-settled that plaintiffs 'remain free where dismissal orders do not grant leave to amend to seek vacation of the judgment under Rules 59 and 60[b] and offer an amended complaint in place of the dismissed complaint.'" *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 742 (8th Cir. 2014) (quoting *Quartana v. Utterback*, 789 F.2d 1297, 1300 (8th Cir. 1986)). "But it is also well-settled that district courts in this circuit have considerable discretion to deny a [timely] post judgment motion for leave to amend because such motions are disfavored, but may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits." *Id*. at 742-43 (citation and internal quotation

---

[2] Contrary to the requirements of the Court's Local Rules, Plaintiffs' motions do not attach the proposed amended complaint. L.R. 15.1(a)(2) (requiring a party seeking leave to amend a pleading that may not be filed as a matter of right must, among other things, "[a]ttach the proposed pleading"). The Court, however, overlooks Plaintiffs' failure to attach the proposed amended complaint and examines the additional allegations contained in the motions that they seek to add to their complaint.

omitted). However, there is no absolute right to amend a pleading. *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003) (citation omitted). While Rule 15(a)(2) directs courts to "freely give leave" to amend when justice requires, courts "may appropriately deny leave to amend where there are compelling reasons such as…futility of the amendment." Fed. R. Civ. P. 15(a)(2); *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (citations and quotations omitted).

Plaintiffs' motions indicate their amended complaint would seek declaratory judgment against the "Newton County tax collector and assessor…to remove Pastor Lindstedt's and Aryan Nation Church['s] properties from outside the taxing jurisdiction of the City of Granby." Doc. 4 at 2. They also want to amend the complaint to request declaratory and/or injunctive relief related to the City of Granby's refusal to obey a prior municipal election and ask that a company, Allieger Martin, be banned for life from contracting with the City of Granby. *Id.* at 2-3.

The claim(s) Plaintiffs are (or would be) asserting against Newton County, the City of Granby, and Allieger Martin to support their request for declaratory and/or injunctive relief are not identified. *See* Fed. R. Civ. P. 8(a)(2) (requiring a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief"). Further, Plaintiffs fail to provide the basis of this Court's jurisdiction for any potential claim(s) against these entities. *See* Fed. R. Civ. P. 8(a)(1) (requiring a complaint contain "a short and plain statement of the grounds for the court's jurisdiction"). Upon careful review and liberal construction of Plaintiffs' initial proposed complaint (Doc. 1-1) and the allegations in Plaintiffs' pending motions (Docs. 4-5), the Court is unable to discern the essence of a cognizable claim against Newton County, the City of Granby, and/or Allieger Martin. Thus, the proposed amendment would be futile. Accordingly, the Court DENIES Plaintiffs' motions to amend the complaint to include requests for declaratory and/or injunctive relief against these entities.

Plaintiffs also seek leave to amend the complaint with regard to their allegations against the former and current Missouri Attorneys General. According to their motions, Plaintiffs are suing former Missouri Attorney General Josh Hawley and current Missouri Attorney General Eric Schmitt "because their offices in defending…corrupt Newton County judges acting without jurisdiction in imposing a 'domestic protection order' on behalf of Granby City Clerks…went to[o] far as to assert that Pastor Lindstedt should not be able to file [S]unshine Act Enforcement litigation…." and "should be assessed $4000 in legal fees by Granby City Attorney Brian Todd Goldstein." Doc. 4 at 3. Plaintiffs allege, "[t]his false judgment was sold for $1000 to Attorney Bryan Anthony Reo who as a federal agent provocateur has been stalking and litigating against [Plaintiffs] the past decade on Oct. 14, 2019." *Id*.

Plaintiffs' additional allegations against these state officials pertain to a state court proceeding(s). *Id*. at 3. As explained in the Court's Order dated June 30, 2021, it does not have jurisdiction to hear challenges to state court decisions. Doc. 3 at 5. Even if Plaintiffs were not challenging state court proceedings, they fail to allege the claim(s) upon which they seek relief and the basis of this Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1)-(2). Further, after reviewing and liberally construing the proposed complaint (Doc. 1-1) and the allegations in Plaintiffs' motions (Docs. 4-5), the Court is unable to discern the essence of a cognizable claim against these state officials. For these reasons, the Court concludes the filing of an amended complaint with the allegations identified in Plaintiffs' motions would be futile, and therefore, DENIES Plaintiffs' motions to amend the complaint to include the proposed additional allegations against state officials.

With regard to the City of Granby, Plaintiffs' Rule 59(e) motion alludes to lack of "due process," "public allocation of funds," "maliciousness," "petty criminals," and officials using "their power to enrich themselves and their families." Doc. 4 at 4-5. But there are no alleged

4

claims against the City of Granby. Again, the Court has carefully reviewed and liberally construed Plaintiffs' proposed complaint (Doc. 1-1) and the allegations in their pending motions (Docs. 4-5) but is unable to discern the essence of a cognizable claim against the City of Granby.[3] Because amending the complaint to include the foregoing allegations would be futile, the Court DENIES Plaintiffs' motions to amend the complaint to include additional allegations against the City of Granby.

Finally, Plaintiffs' Rule 59(e) motion includes references to, among other things, Plaintiff Pastor Lindstedt coming "quite close to" and wanting to shoot "Granby criminals," the "ZOGvirus," the devastation of "ZOGland," "destruction of the Mighty ZOG/Babylonian Empire," "the North Perry Nuclear Power Plant…becom[ing] chernobyled," "the Missouri River dams destroyed," and "only 10-30 million ex-whiggers ruled over by local theocratic warlords." *Id.* at 3-5. To the extent Plaintiffs are attempting to state a cause of action with these allegations, the Court is unable to discern a plausible cause of action, and therefore, DENIES Plaintiffs' motions to amend to include these additional allegations.

### III. CONCLUSION

Based on foregoing, the Court DENIES Plaintiffs' motions to amend the complaint pursuant to Rules 59(e) and 60 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATE: August 12, 2021            */s/ W. Brian Gaddy*
                                                 W. BRIAN GADDY
                                                 UNITED STATES MAGISTRATE JUDGE

---

[3] In addition, simply stating legal conclusions, or in this case, legal terminology, does not state a plausible claim for relief. *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).